UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>    vs.<br><br>**MARIO SYDNOR, Sr.,**<br><br>        **Defendant.** | **CASE NO. 2:21-CR-255(2)**<br><br>**JUDGE WATSON** |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORADNUM IN OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through undersigned counsel, hereby responds to Defendant Mario Sydnor, Sr.'s memorandum in opposition to the Government's motion for a protective order. The Government requested this Court enter a protective order pursuant to Federal Rule of Criminal Procedure 16(d) in reference to search warrants and personally identifying information. (ECF No. 95). The Defendant has opposed that request insisting that this order would restrict his right to discovery. (ECF No. 96). The United States continues its' request for a protective order.

### I. BACKGROUND

The Defendant was indicted on December 14, 2021, for one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). This indictment was later dismissed by Judge Sargus after a Superseding Indictment was returned by the grand jury charging the Defendant with Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 [Count 1]; Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.

C. § 841 [Count 7]; and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g) [ Count 11]. The Superseding Indictment also included four coconspirators for a total of five Defendants in this case. (ECF No. 28). Hard drives with initial discovery were provided to all defense counsel in this case prior to the telephone status conference with the Court on March 25, 2022.

## II. ANALYSIS

The Court is permitted to issue a protective order regarding discovery material pursuant to Federal Rule of Criminal Procedure 16(d)(1) "for good cause". In *United States v. Sittenfiled*, No.1:20-CR-142, 2021 WL 1438300, the Court discussed three factors in the determination of whether good cause exists: whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm.

As to the first factor, posing a hazard to others: as indicated in the motion for a protective order, some of the search warrants at issue discuss cooperating individuals. The government has an obligation to take steps to protect the identity of these CIs and/or to limit exposure to potential retaliation due to their identity becoming known as much as possible. Under the proposed protective order, Sydnor, Sr., would not be prohibited from reviewing the search warrants or documents that include personally identifying information with counsel. The only restriction would be that he is not permitted to his own personal copy in his jail cell or notes of that information. Counsel indicates that he government's contention that this risk is greater because there are members of the conspiracy that are both detained and not detained lacks merit. This fact is of great concern to the government because there could be communication between the parties which could pose a risk of harm to the CI(s). As it relates to the government's request in relation to PII; the government has a duty to preserve the security and privacy of protentional witnesses,

both indicted and unindicted individuals who's personally identifying information has been collected during the investigation of this case. Such as by way of Airbnb records, flight logs and bank records.

Secondly, Sydnor, Sr., would not be prejudiced by the issuance of a protective order. He would only be limited from having copies of certain documents in his possession or to take notes of those documents or any PII.

The last factor, the public's interest in disclosure outweighs the possible harm does not apply as it does in *Sittenfield*. In that case, discovery was in dispute and the government requested that certain references to claims of misconduct be filed under seal. Also, as to the nature of the case in *Sittenfield*, there was a risk of prejudicial pretrial publicity. We do not have those issues in the instant matter.

In his argument, the Defendant first relies on *Alderman v. Unites States*, 394 U.S. 165. This case is a Fourth Amendment case where the government was seeking not to disclose surveillance records. The government's request in this case does prohibit disclosure of any of the records. The request is that the Defendant not obtain a personal copy of the document (s) or personally identifying information at issue or take notes of this information and retain it. This order would not prevent the Defendant from assisting or having meaningful conversations with his counsel. T

Sydnor, Sr., also argues that he has less access than a *pro se* defendant to discovery materials. This argument lacks merit, he is not a *pro se* defendant. If the Defendant chose to waive his right to counsel, then stand-by counsel would likely be appointed, and that person would be the gatekeeper as to any protective order granted in the case. The Defendant is able to discuss and review all of the discovery with his attorneys. Good cause does exist to issue the protective order.

3

### III.  CONCLUSION

For these reasons, the United States respectfully requests that the Court deny Sydnor Sr.'s Memorandum in Opposition and issue the protective order.

>Respectfully submitted,
>
>KENNETH L. PARKER
>United States Attorney
>
>
>s/Elizabeth A. Geraghty
>ELIZABETH A. GERGAHTY (0072275)
>Assistant United States Attorney
>303 Marconi Boulevard, Suite 200
>Columbus, Ohio 43215
>Office: (614) 469-5715
>Fax: (614) 469-5653
>E-mail: Elizabeth.Geraghty@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Defendant's Motion Opposing Government's Request for a Protective Order was served this 2nd day of May 2022, electronically upon counsel of record.

>s/Elizabeth A. Geraghty
>ELIZABETH A. GERAGHTY (0072275)
>Assistant United States Attorney